IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KASHIF M. ROBERTSON,<br>    Petitioner | : | No. 1:21-cv-00668 |
| v. | : | (Judge Kane) |
| BRYAN CLARK, et al.,<br>    Respondents | : | |

## MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2254 in which Petitioner Kashif M. Robertson ("Robertson") challenges his 2019 conviction and sentence for possession of a controlled substance. The Court will deny the petition with prejudice as untimely.

### I.  BACKGROUND

Robertson pleaded guilty to possession of a controlled substance in the Dauphin County Court of Common Pleas on August 8, 2019 and was sentenced to six to twenty-three months imprisonment. See Commonwealth v. Robertson, No. CP-22-CR-0002276-2017 (Dauphin Cnty. filed Apr. 27, 2017). Robertson did not file a direct appeal of his conviction. (Doc. No. 1 at 2).

Robertson moved to correct his sentence in the Court of Common Pleas on May 6, 2020. See Robertson, No. CP-22-CR-0002276-2017. The court denied the motion on May 13, 2020. See id. Robertson filed two motions for reconsideration, both of which were denied. See id. He appealed to the Superior Court, which denied the appeal and the underlying motion as untimely. See (Doc. No. 1 at 6); Robertson, No. CP-22-CR-0002276-2017.

Robertson filed the instant petition on April 12, 2021, raising four claims for habeas corpus relief. (Doc. No. 1.) Respondents responded to the petition on July 20, 2021, arguing that habeas corpus relief should be denied because petitioner has served his entire sentence, because his claims are procedurally defaulted, and because the petition is untimely. (Doc. No.

12.) Robertson did not file a reply brief in support of his petition, and the time for doing so has expired. The petition is accordingly ripe for review.

## II. DISCUSSION

The Court will first address Respondents' timeliness argument. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for habeas corpus petitions brought under 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court. Id. § 2244(d)(2). The limitations period may also be tolled under the equitable tolling doctrine or the actual innocence exception, both of which must be established by petitioner. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); Pace v. Diguglielmo, 544 U.S. 408, 418 (2005).

Under Section 2244, Robertson had one year from the date his conviction became final to seek federal habeas corpus relief via 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] Section 2244(d)(1) provides for other triggering events of the one-year limitations period, but none apply here. See 28 U.S.C. § 2244(d)(1)(B)-(D).

Robertson's conviction became final on September 9, 2019, the deadline for him to file a direct appeal to the Pennsylvania Superior Court. See Pa. R. App. P. 903.[2] Thus, absent tolling, Robertson needed to file his petition for writ of habeas corpus no later than September 9, 2020 for it to be timely under Section 2244. His petition, which was not filed until Aril 12, 2021, is facially untimely.

Robertson argues in his petition that his May 6, 2020 motion to correct the sentence should have been treated as a petition for collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"). (Doc. No. 1 at 13.) Although the nature of this argument is somewhat unclear, the Court liberally construes it as an argument that the filing of his May 6, 2020 motion statutorily tolled the limitations period pursuant to Section 2244(d)(2).

Robertson is mistaken. His May 6, 2020 motion did not toll the limitations period because the Superior Court denied the motion as untimely. Filings that are rejected as untimely in state court are not "properly filed" and thus cannot trigger statutory tolling pursuant to Section 2244(d)(2). See Pace, 544 U.S. at 417.

Robertson is also not entitled to equitable tolling of the limitations period. The equitable tolling doctrine allows a court to toll the one-year limitations period when the petitioner has been pursuing his rights diligently, but extraordinary circumstances prevented him from timely filing his petition. See Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace, 544 U.S. at 418). The petitioner bears the burden of showing that he is entitled to equitable tolling. See Pace, 544 U.S. at 418. Robertson has not advanced any argument for equitable tolling, and accordingly has not met his burden.

---

[2] The last date for Robertson to seek a direct appeal was September 7, 2019, but because that date fell on a Saturday, the period is treated as ending on September 9, 2019. See 1 Pa.C.S. § 1908.

Finally, Robertson is not entitled to relief from the limitations period under the actual innocence exception. The statute of limitations for habeas corpus petitions under Section 2254 may be excused if the petitioner makes an adequate showing of his actual innocence, but the petitioner bears a heavy burden to meet this exception and can only do so if he can show that no reasonable juror "would have voted to find him guilty beyond a reasonable doubt." See Satterfield v. Dist. Att'y of Philadelphia, 872 F.3d 152, 163 (3d Cir. 2017) (quoting McQuiggin, 569 U.S. at 386). Robertson has failed to meet this burden because he has not advanced any actual innocence argument.

In sum, the Court concludes that Robertson's petition is untimely, and that he is not entitled to relief from the statute of limitations under the equitable tolling or actual innocence exceptions. Having reached this conclusion, the Court will not address Respondents' alternative arguments that Robertson's sentence has concluded or that his claims are procedurally defaulted.

### III. CONCLUSION

For the foregoing reasons, Robertson's petition for writ of habeas corpus will be denied with prejudice as untimely. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate Order follows.

s/ Yvette Kane<br>
Yvette Kane, District Judge<br>
United States District Court<br>
Middle District of Pennsylvania